# IN THE UNITED STATES DISTRICT COURT FOR
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HARVEY E. HUTCHINSON and SHELIA HUTCHINSON, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO.: 3:10-cv-1241 ) |
| MYKHAILO PRYSHLIAK, et al., | ) ) ) |
| Defendants. | ) |

## INITIAL CASE MANAGEMENT ORDER

A.  JURISDICTION: The Court has jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship.

B.  BRIEF THEORIES OF THE PARTIES:

1)  PLAINTIFF: This case iminates from a motor vehicle accident which occurred on January 3, 2010 on Interstate 65 in or near Nashville, Tennessee, when the 18-wheeler being operated by the Defendant struck the Plaintiff's vehicle. The Plaintiff had slowed his vehicle due to an interstate accident and the Defendant was unable to stop before striking the Plaintiff's vehicle.

2)  DEFENDANT:

The doctrine of modified comparative fault applies to this action. The accident was proximately caused by the negligence and negligence

per se of an unidentified individual operating a vehicle southbound on Interstate 65 at the time of the accident that is the subject of this action. That individual negligently merged from the left lane into the right lane and struck a vehicle traveling southbound in the right lane. This collision caused the vehicle traveling in the right lane to swerve to the right and strike the bridge railing. That vehicle then moved back into both travel lanes, which caused other vehicles to stop suddenly. Defendant Pryshliak, traveling behind these vehicles, attempted to stop but was unable to do so.

The unidentified individual referenced above was negligent for failing to keep his vehicle under reasonable control, failing to yield to the vehicle in the right lane, failing to see what was there to be seen, and failing to use reasonable care in the operation of his vehicle. The unidentified individual was negligent per se in the operation of his vehicle through his violation of T.C.A. §55-8-23, driving on roadways laned for traffic, 55-8-142, turning movements-signal for stop or decrease in speed, and 55-8-143, signals for turns.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial

disclosures pursuant to Fed. R. Civ. P. 26(1)(1) on or before June 3, 2011.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before October 28, 2011. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before July 1, 2011.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before August 19, 2011. The defendant shall identify and disclose all expert witnesses and reports on or before September 2, 2011.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before October 28, 2011.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before ~~November 25~~ October 20, 2011.

K.  **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before December 16, 2011. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replied may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L.  **ELECTRONIC DISCOVERY.** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M.  **ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately three (3) days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

Kirby D. Farris
Attorney for Plaintiff


Mark S. LeVan
Attorney for Defendant